## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLYDE GUILLORY** | CIVIL ACTION NO. _____ |
| **VERSUS** | JUDGE _____ |
| **METROPOLITAN LIFE INSURANCE COMPANY** | MAGISTRATE _____ |

### NOTICE OF REMOVAL

**METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"),** defendant in the state suit brought by **Clyde Guillory** under Docket No. C180033C in the Twenty Seventh Judicial District Court, Parish of St. Landry, State of Louisiana, files this, its Notice of Removal of this case from the Twenty Seventh Judicial District Court for the Parish of St. Landry, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana, Lafayette Division, on the following grounds, to wit:

1.

This case was commenced in the Twenty Seventh Judicial District Court in the Parish of St. Landry, State of Louisiana on January 3, 2018., by **Clyde Guillory,** against **METROPOLITAN LIFE INSURANCE COMPANY**. The case bears Docket No. C180033C of that Court.

2.

Process was served on the petitioner, **MetLife**, by serving a copy of the complaint upon the Secretary of State on February 23, 2018 whereupon the complaint was transmitted by mail by the Secretary of State to Metropolitan Life Insurance Company's Agent for Service of Process, CT Corporation Systems on February 26, 2018. (Attached

hereto as Exhibit A, in globo, is a copy of the Petition, Citation and February 26, 2018 letter from the Secretary of State to CT Corporation System and Service of Process Transmittal from CT Corporation.)

3.

Plaintiff's action is one of a civil nature in which **Clyde Guillory,** seeks to recover from defendant, **METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"),** short term disability benefits, long term disability benefits, state statutory attorney's fees and penalties, alleging that said recovery is due pursuant to an employee welfare benefit plan established by his employer, Progressive Tractor, and insured by defendant, **METROPOLITAN LIFE INSURANCE COMPANY.**

4.

The employee welfare benefit plan in question is an employee welfare benefit plan as defined by and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C., Section 1001, et seq. ("ERISA").

5.

The said civil action as against the removing defendant, MetLife is one in which the district courts of the United States have original jurisdiction by virtue of the fact that the plaintiff's complaint challenges a claim decision under an employee benefit plan as that term is defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), (29 U.S.C., Section 1002), and by virtue of the fact that the relief demanded by plaintiff is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C., Section 1001, et seq. As such, it is an action of a civil nature founded on a claim of right arising, if at all, under the laws of the United States and may be removed to this Court under the provisions of 28 U.S.C., Section 1331 and 28 U.S.C., Section 1441(a) and (b), without

regard to the citizenship of the parties and even when the ERISA-related nature of the action does not appear on the complaint's face. See *Metropolitan Life Insurance Company v. Taylor*, 481 U.S.58 (1987). Plaintiff alleges that he is a participant in the plan and is making a claim for short term disability benefits and long term disability benefits under the plan.

6.

This Notice of Removal is being filed within the time period required by law, 28 U.S.C., Section 1446(b).

7.

Upon the filing of this Notice of Removal, written notice thereof is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the aforesaid state court to effect the removal of the said civil action as against this removing defendant, all as provided by law.

8.

Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, reserves herein all rights to object to the jurisdiction of the state court proceedings should this court ultimately hold that this action was not removable or improperly removed thereto.

WHEREFORE, **METROPOLITAN LIFE INSURANCE COMPANY,** prays that this Notice of Removal may be accepted as good and sufficient, and that the aforesaid civil action may be removed from the Twenty Seventh Judicial District Court for the Parish of St. Landry, State of Louisiana, into this Court for trial and determination as provided by law, particularly, U.S.C., Title 28, Sections 1331 and 1441 and thereupon to proceed with said civil action as though originally commenced in this Court and for all orders and decrees as may be necessary or appropriate in such cases made and provided.

Respectfully submitted,

DAVIDSON, MEAUX, SONNIER, McELLIGOTT
FONTENOT, GIDEON & EDWARDS

_____
KYLE L. GIDEON #14288
Post Office Drawer 2908
Lafayette, LA 70502
(337) 237-1660
Counsel for: Metropolitan Life Insurance Company

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing has this date been forwarded to all known counsel of record by:

( )  HAND DELIVERY            ( x )  PREPAID U. S. MAIL

( )  FACSIMILE                ( )  OVERNIGHT MAIL

Lafayette, Louisiana, this ___1st___ day of March, 2018.

_____
KYLE L. GIDEON